UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY STAINBACK,

                                          Plaintiffs,     **COMPLAINT AND**
                                                                    **JURY DEMAND**
           -against-

THE CITY OF NEW YORK, POLICE OFFICER     DOCKET # 14CV5778
RICHARD VARGAS, NO. 29756, AND JOHN DOE
POLICE OFFICERS ##1-2,

                                                                     ECF CASE
                                                       Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an April 24, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop and search, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Jeffrey Stainback is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. During the afternoon of April 24, 2013, plaintiff was walking with a friend from a subway station to his home at 3030 Surf Avenue in the Coney Island section of when they were approached by the three defendant police officers. In the vicinity of West 27th Street and Surf Avenue they were stopped by the defendant officers without reasonable suspicion or probable cause.

12. They commenced a search of plaintiff and his friend, and plaintiff informed them that he had a small knife in his pocket. The police recovered the knife, which had less than a 4 inch blade, and arrested plaintiff without probable cause to believe that he had committed a crime.

13. Defendant Officer Vargas reported that the circumstance that led to the stop of plaintiff was that he was making "furtive movements". Plaintiff denies making furtive movements and denies committing any crime.

14. Plaintiff was taken to the precinct and held for approximately three hours. He was released with a desk appearance ticket.

15. He made repeated appearances to the Kings County Criminal Court. Approximately ten months later, all charges were dismissed and sealed.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and

anxiety;

d. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983 -- UNLAWFUL STOP AND SEARCH)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from an unlawful stop, detention and search of his person without a reasonable suspicion or probable cause that he committed any crime.

21. Plaintiff was aware of his confinement and did not consent.

22. Defendants violated plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment.

26. Defendants did not have probable cause to believe plaintiff had committed any crime.

27. Plaintiff was aware of his confinement and did not consent.

28. Defendants violated plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983.

29. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
September 26, 2014

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

5